# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-1320V

| | |
|---|---|
| * * * * * * * * * * * * * * * *<br>ALFRED LEIDNER,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>Respondent.<br>* * * * * * * * * * * * * * * * | Special Master Shah<br><br>Filed:  December 12, 2024 |

*Joshua David Ross,* Cantey Hanger LLP, Fort Worth, TX, for Petitioner.
*Tyler King,* United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 29, 2019, Alfred Leidner ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program[2] ("the Vaccine Program").  Pet., ECF No. 1.  Petitioner alleged he suffered from Guillain-Barré syndrome ("GBS") and chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of an influenza ("flu") vaccination he received on December 4, 2017.  *See id.*  On November 20, 2023, the parties filed a stipulation, which former Special Master Katherine E. Oler adopted as her decision on November 27, 2023; Petitioner was awarded $159,036.47 in damages.  ECF Nos. 64, 65.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On March 5, 2024, Petitioner filed a motion for attorneys' fees and costs incurred by his current counsel at Cantey Hanger, LLP, and his former counsel at Saltz, Mongeluzzi & Bendesky, P.C. ("Fees App."). ECF No. 70. Petitioner requests total attorneys' fees and costs in the amount of $59,912.40, representing $26,546.00 in attorneys' fees and $17,607.09 in attorneys' costs incurred by Cantey Hanger, LLP, and $14,598.60 in attorneys' fees and $1,160.71 in attorneys' costs incurred by Saltz, Mongeluzzi & Bendesky, P.C. Fees App. at 1-2. Petitioner indicates that he personally has not incurred any costs related to the prosecution of his petition. *Id.*. Respondent responded to the motion on March 5, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 71). Petitioner did not file a reply.

This matter is now ripe for consideration.

**I.     Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   A. **Reasonable Hourly Rates**

      1. **Cantey Hanger, LLP**

Petitioner requests the following rates of compensation for his attorney, Ms. Scharli Branch at Cantey Hanger, LLP: $305.00 for work performed in 2021, $314.00 per hour for work performed in 2022, $330.00 per hour for work performed in 2023, and $348.00 per hour for work performed in 2024. It appears that this is Ms. Branch's first case in the Vaccine Program, and therefore the Court has not previously had an opportunity to assess the reasonableness of Ms.

Branch's hourly rates. Ms. Branch's affidavit states that she was admitted to practice law in Texas in 2017, and she has been admitted to practice before the U.S. Court of Federal Claims. Ex. 41 at 2. Ms. Branch also states that in 2015 she was an intern for then-Chief Special Master Dorsey, and from 2016 to 2018, she was a law clerk to now-Chief Special Master Corcoran. *Id.* Based on my experience, the hourly rates billed by Ms. Branch are reasonable and shall be awarded herein.

### 2. Saltz, Mongeluzzi & Bendesky, P.C.

Petitioner requests the following hourly rates for work of his former counsel at Saltz, Mongeluzzi & Bendesky, P.C.: for Mr. Lawrence R. Cohan, $440.00 per hour for work performed in 2018, $450.00 per hour for work performed in 2019, $484.00 per hour for work performed in 2020, and $509.00 per hour for work performed in 2021; and for Mr. David J. Carney, $315.00 per hour for work performed in 2018. Mr. Cohan's requested rates from 2018 and 2019 and Mr. Carney's requested rate from 2018 are consistent with what counsel have previously been awarded for their Vaccine Program work and shall be awarded herein. Mr. Cohan's rates for 2020 and 2021, however, require adjustment. Mr. Cohan has been previously awarded $470.00 per hour for time billed in 2020, and $484.00 per hour for time billed in 2021. *See, e.g.*, *Lesher v. Sec'y of Health & Hum. Servs.*, No. 17-1076V, 2021 WL 1526198, at *2 (Fed. Cl. Spec. Mstr. Mar. 17, 2021). Therefore, these rates shall be awarded herein. This results in a reduction of **$220.40**.[3]

### B. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

### 1. Cantey Hanger, LLP

The overall hours spent on this matter appear to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable; nor has Respondent identified any entries as objectionable. Accordingly, Petitioner is awarded final attorneys' fees for his counsel at Cantey Hanger, LLP in the amount of $26,546.00.

### 2. Saltz, Mongeluzzi & Bendesky, P.C.

The overall hours spent on this matter appear to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable; nor has Respondent identified any

---

[3] This amount was calculated as follows: (($484 - $470) x 3.6 hrs. = $50.40) + (($509 - $484) x 6.8 hrs. = $170.00) = $220.40.

3

entries as objectionable. Accordingly, Petitioner is awarded final attorneys' fees for his counsel at Saltz, Mongeluzzi & Bendesky, P.C. in the amount of $14,378.20.

### C. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

#### 1. Cantey Hanger, LLP

Petitioner requests a total of $17,607.09 in attorneys' costs for his counsel at Cantey Hanger, LLP. This amount is comprised of scanning costs, legal research fees, acquiring medical records, and postage. Ex. 37 at 3. These administrative costs are typical in Vaccine Program cases and were reasonably incurred in this matter. I discuss other costs below.

##### a. Life Care Planner Report

Petitioner requests reimbursement for life care planning services provided by Mr. Nicholas J. Choppa with OSC Vocational Systems, Inc., in the amount of $2,614.50, at a rate of $249.00 per hour. I find this rate to be reasonable and the amount requested to be reasonable, and award it herein.

##### b. Dr. S. Michael Phillips's Expert Costs

Petitioner requests reimbursement for expert services provided by neurologist and board-certified immunologist, Dr. S. Michael Phillips, for 19.9 hours at a rate of $600.00 per hour, totaling $11,940.00. Ex. 37 at 16-18. Petitioner explains that he retained Dr. Phillips in response to Respondent's Rule 4(c) Report. Fees App. at 9. Petitioner asserts that Dr. Phillips has significant prior experience and has "served as an expert witness in the Vaccine Program for the Respondent and has testified approximately twenty times on their behalf and has provided reports for many other claims." *Id*. Petitioner points to Dr. Phillips's extensive education, career, board certifications, clinical experience, and publication history. *Id*. at 9-10. Petitioner also notes that "Dr. Phillip's [sic] dual experience in neurology and immunology helped illustrate and explain key issues in this case including Petitioner's diagnosis and the *Althen* prongs." *Id*. at 10.

While Dr. Phillips's requested rate of $600.00 per hour is not necessarily objectionable, it exceeds the $550.00 per hour that he was previously awarded for similar work in 2022. *See Hock v. Sec'y of Health & Hum. Servs.*, No. 21-945V, 2024 WL 1639992, at *3 (Fed. Cl. Spec. Mstr. Mar. 18, 2024). Accordingly, I will reduce Dr. Phillips's rate from $600.00 to $550.00 per hour for the expert services he performed in 2022 in this case. This results in a reduction of **$995.00**.[4] Accordingly, Petitioner is entitled to final attorneys' costs from his counsel at Cantey Hanger, LLP in the amount of $16,612.09.

#### 2. Saltz, Mongeluzzi & Bendesky, P.C.

---

[4] This amount was calculated as follows: ($600 - $550) x 19.9 hrs. = $995.

Petitioner requests a total of $1,160.71 in attorneys' costs for his counsel at Saltz, Mongeluzzi & Bendesky, P.C. This amount is for expenses associated with acquiring medical records, legal research fees, and the Court's filing fee. Ex. 39 at 2. Petitioner has provided adequate documentation supporting all requested costs, and Respondent has not identified any specific costs as objectionable. I find these costs to be reasonable and shall fully reimburse them. Accordingly, Petitioner is entitled to final attorneys' costs from his counsel at Saltz, Mongeluzzi & Bendesky, P.C. in the amount of $1,160.71.

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. I find that it is reasonable to compensate Petitioner and his counsel as follows:

| *Cantey Hanger, LLP* | |
|---|---|
| Attorneys' Fees Requested | $26,546.00 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$26,546.00** |
| | |
| Attorneys' Costs Requested | $17,607.09 |
| (Reduction to Costs) | ($995.00) |
| **Total Attorneys' Costs Awarded** | **$16,612.09** |
| | |
| *Cantey Hanger, LLP* **Total Attorneys' Fees and Costs** | **$43,158.09** |
| | |
| *Saltz, Mongeluzzi, & Bendesky, P.C.* | |
| Attorneys' Fees Requested | $14,598.60 |
| (Reduction to Fees) | ($220.40) |
| **Total Attorneys' Fees Awarded** | **$14,378.20** |
| | |
| Attorneys' Costs Requested | $1,160.71 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,160.71** |
| | |
| *Saltz, Mongeluzzi, & Bendesky, P.C.* **Total Attorneys' Fees and Costs** | **$15,538.91** |
| | |
| **Total Attorneys' Fees and Costs** | **$58,697.00** |

Accordingly, I award the following:

1. **A lump sum in the amount of $43,158.09, comprised of $26,546.00 in attorneys' fees, and $16,612.09 in attorneys' costs incurred by Cantey Hanger, LLP, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Joshua David Ross.**

5

    **2. A lump sum in the amount of $15,538.91, comprised of $14,378.20 in attorneys' fees, and $1,160.71 in attorneys' costs incurred by Saltz, Mongeluzzi, Bendesky, P.C., in the form of a check payable jointly to Petitioner and Petitioner's former counsel, Lawrence R. Cohan.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).